UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULA DAMASO,

        Plaintiff,

v.                                           Case No.:  2:19-cv-574-FtM-38NPM

COSTCO WHOLESALE
CORPORATION,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Paula Damaso's Motion to Remand (Doc. 19) and Defendant Costco Wholesale Corporation's response in opposition (Doc. 25). The parties also replied and surreplied. (Docs. 30; 31). For these reasons, the Court grants the Motion (Doc. 19) and sends the case back to state court.

## BACKGROUND

This is a case about buying underwear at Costco. (Doc. 4). More specifically, the issue is whether Costco's labeling practices violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 4 at 5-6).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Damaso bought two packs of boxer briefs at Costco. (Doc. 4 at 2). According to the visible label, the boxers were "96% Pima Cotton." (Doc. 4 at 2). After leaving the store, Damaso became suspicious of the boxers. (Doc. 4 at 3). So she sent them to a lab for fiber testing. (Doc. 4 at 3). Then came a shocking revelation—the boxers did not contain 96% Pima Cotton. (Doc. 4 at 3). To be Pima, the cotton fibers must be a certain length. (Doc. 4-4 at 4). And expert reports confirmed many of the boxers' fibers were too short to meet Pima Cotton standards.[2] (Doc. 4-4 at 13-15, 28-30). In brief, the boxers contained a smaller percentage of Pima Cotton than advertised. (Doc. 4 at 3-4).

The Complaint alleges one count of FDUTPA deceptive labeling. (Doc. 4 at 5-6). While this is a state-law claim, Costco removed from state court under federal-question jurisdiction. (Doc. 1). Now, Damaso wants to go back. (Doc. 19).

## LEGAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The burden rests on the removing defendant to show federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). If a federal court lacks subject-matter jurisdiction, it must remand straightaway. 28 U.S.C. § 1447(c). Removal "raises significant federalism concerns"; thus, courts interpret removal statutes strictly and resolve all jurisdictional doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

---

[2] These reports are attached to the Complaint (Doc. 4), so they are part of the pleading. Fed. R. Civ. P. 10(c) ("[A]n exhibit to a pleading is part of the pleading for all purposes.").

**DISCUSSION**

Federal courts have limited jurisdiction, wielding "only that power authorized by Constitution and statute." *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Of course, Congress authorized federal-question jurisdiction, which applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases arise under federal law in one of two ways. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). A "vast majority" of federal-question cases rest on causes of action created by federal law. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The second manner is less known.

Pure state-law claims may arise under federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13 (2005). The Supreme Court called this "a 'special and small category' of cases in which arising under jurisdiction still lies" despite the lack of a federal cause of action. *Gunn*, 568 U.S. at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). This niche of jurisdiction can be confusing. *Id.* (surveying a canvas of case law which "looks like one that Jackson Pollock got to first"). Still, the Supreme Court provides guidance.

> That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Id.* (citing *Grable*, 545 U.S. at 313-14). If a case meets each factor, jurisdiction exists because of the "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. But the general pleading rules still apply, so the face of "a well-pleaded complaint" must call for "resolution of a substantial question

3

of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163-64 (1997) (citation omitted).

Because Costco cannot thread the needle on the four-part test stitched together in *Grable*, remand is fitting.

**1. Necessarily Raised**

First, the federal issue must be "necessarily raise[d]." *Grable*, 545 U.S. at 314. A FDUTPA claim has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *White v. Grant Mason Holdings, Inc.*, 741 F. App'x 631, 636 (11th Cir. 2018) (citation omitted). Costco argues Damaso will necessarily raise federal law to show a deceptive act or unfair practice; Damaso disagrees. Yet on the first element, Damaso must prove the boxers are not 96% Pima Cotton for the labeling to be deceptive. *Phelps v. Hormel Foods Corp.*, 244 F. Supp. 3d 1312, 1318-19, 1318 n.4 (S.D. Fla. 2017) (stating FDUTPA plaintiffs challenging deceptive labeling must show the "labels are false, deceptive, or misleading"). That element implicates the federal Cotton Standards Act and Textile Fiber Products Identification Act ("TFPIA"), along with United States Department of Agriculture ("USDA") and Federal Trade Commission ("FTC") regulations, because those set standards for measuring cotton fibers and classifying Pima Cotton. Simply put, Damaso must resort to federal law to establish the fibers were too short, rendering the label deceptive. Even the Complaint betrays Damaso's position on this point. An attached expert report begins by citing the federal regulations as controlling on the Pima Cotton analysis. (Doc. 4-4 at 4, 16) (citing 7 C.F.R. § 28.304). So the Complaint itself raises federal law.

4

### 2. Actually Disputed

Second, the federal issue must be "actually disputed." *Grable*, 545 U.S. at 314. No discussion is necessary as the parties dispute the federal issue. (Docs. 19; 25; 30).

### 3. Substantiality

Third, the federal claim must be "substantial." *Grable*, 545 U.S. at 314. This is where Costco's contentions fray.

The significance of a federal issue to the parties in the suit "is not enough." *Gunn*, 568 U.S. at 260. "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.* Without a hard-and-fast framework, the Supreme Court identified several factors to help in this analysis. *MDS (Canada) Inc. v. Rad Source Technologies, Inc.*, 720 F.3d 833, 842 (11th Cir. 2013). These guideposts are more likely to make a federal question substantial: (1) pure questions of law; (2) questions that will control in other cases; and (3) questions in which the government has a strong interest to litigate in federal court. *Id.* Looking at those factors, Costco fails to show how this issue is significant to the federal system.

To begin, the issue here is not a pure question of law. *See id.* In *Grable*, the Supreme Court tackled a "pure issue of law," settling "once and for all" the legal validity of the Internal Revenue Service's ("IRS") notice procedure before seizing property to satisfy tax deficiencies. *Empire Healthchoice*, 547 U.S at 699-701 (citation omitted) (interpreting *Grable*). There, a state quiet title action turned on whether IRS notice satisfied a federal tax provision. *Grable*, 545 U.S. at 314-15. Because the meaning and interpretation of important federal law was "the only legal or factual issue contested," *Grable* "sensibly" belonged in federal court. *Id.* at 315. Here, however, Damaso and

Costco dispute several key facts—the length of the boxers' cotton fibers, the appropriate tests to apply, how to interpret those tests, and whether the boxers meet a federal statutory exception. (Docs. 25 at 5-6; 30 at 2-3; 31 at 1-3). While federal rules and regulations may ultimately set the legal standards, there are many factual disputes over whether the boxers have enough Pima Cotton.

Moreover, Costco mistakenly argues interpretation of a federal measurement regulation is dispositive alone. (Doc. 25 at 7 ("[I]f cotton must be measured in bale form, Costco wins.")). Costco ignores a critical step to reach its conclusion. The Complaint does not reveal the length of cotton in bale form because Damaso tested the finished boxers, not the raw cotton bales. So even if Costco is correct, the length of fibers in bale form is another factual matter to resolve first. In short, this is not a pure question of law. *See Empire Healthchoice*, 547 U.S. at 700-01 (holding a "fact-bound and situation-specific" case did not raise a significant federal question).

Next, the state court's resolution of this case will not control many other cases. *See Rad Source*, 720 F.3d at 842. Any state court interpretation of these federal statutes and regulations would not bind federal courts. *See, e.g.*, *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1301 (11th Cir. 2008). And state courts are "competent to apply federal law, to the extent it is relevant" over a state cause of action. *Empire Healthchoice*, 547 U.S. at 701. In part, Costco relies on a lack of case law applying these federal statutes and regulations. As the argument goes, any interpretation of federal law here will be persuasive in future cases, so this issue is substantial. But that flies in the face of Supreme Court precedent: the "novelty of [a federal] issue is not sufficient to give it status as a federal cause of action; nor should it be sufficient to give a state-based

[federal] claim status as a jurisdiction-triggering federal question." *Merrell Dow*, 478 U.S. at 817; *see also Gunn* 568 U.S. at 262 (noting that novel questions of patent law may arise for the first time in state legal malpractice actions without raising a substantial federal question). Even the risk of an incorrect state court interpretation of federal law, leading to a flawed FDUTPA resolution, is not enough. *Gunn*, 568 U.S. at 263. Like *Gunn*, this case is "poles apart from *Grable*" and will not control elsewhere. *Id.* at 262 (citation omitted).

Finally, there is no strong governmental interest for litigating this case in federal court. *See Rad Source*, 720 F.3d at 842. Nothing here challenges the validity of the statutes or regulations. Nor does anything affect the government's ability to vindicate its interests. Rather, this case requires factual determinations about whether the cotton fibers in the boxers met federal standards. Yet the quintessential cases on this subject each presented "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313; *see also Smith v. Kan. City Title & Tr. Co.*, 255 U.S. 180, 201 (1921). In *Grable*, the state-law claim went to the validity of IRS actions before seizing and selling taxpayer property. 545 U.S. at 310-11. Likewise, in *Kansas City Title*, a substantial federal issue existed because the decision depended on determining "the constitutional validity of an act of Congress." 255 U.S. at 201. In both instances, there were strong governmental interests bound within the outcome of state-law claims (i.e., collecting taxes, vindicating administrative actions, and determining the constitutionality of a congressional act). Whereas, here, the Court struggles to see much interest in whether a federal or state court determines the boxers' cotton fiber length. Outside a few conclusory statements about the importance of these statutes and

regulations to the cotton industry, Costco fails to show how this case affects the government's ability to regulate and enforce its cotton standards. *See Adventure Outdoors*, 552 F.3d at 1300-01 (rejecting a disputed federal issue as insubstantial for the same reason, among others).

In sum, this run-of-the-mill FDUTPA case is not in the trim category of state-law cases substantial enough to arise under federal law simply because some federal law will apply. *See Grable*, 545 U.S. at 313 ("shying away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door").

### 4. Federal-State Balance

And finally, resolving the federal issue must not upset the "balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. A raised, disputed, and significant federal issue is "never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." *Id.* On this prong, Costco's position comes apart at the seams.

To exercise jurisdiction here would throw off the balance of federal and state responsibilities over FDUTPA claims. In *Grable*, resolving the case in federal court had "a microscopic effect on the federal-state division of labor." 545 U.S. at 315. To find jurisdiction here is another story. It would open the flood gates for federal jurisdiction over FDUTPA deceptive labeling claims that implicate a federal standard. Twice, the Supreme Court warned against that possibility.

> [E]xcercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues. For if the federal labeling standard without a federal cause of action could get a state claim into federal

8

court, so could any other federal standard without a federal
cause of action.

Grable, 545 U.S. at 318-19 (explaining the vitality of *Merrell Dow*); *see also* Merrell Dow, 478 U.S at 813-16 (rejecting a similar state mislabeling claim). While Costco dismisses this possibility out of hand, the Court is not so sure. The federal question here would not only extend to all mislabeled cotton clothing in Florida, but also possibly to wool and fur items. *See* 15 U.S.C. §§ 68; 69. And that only covers clothing—not the tapestry of other federal labeling standards to which the principle could apply.

Nor is there any federal cause of action for deceptive clothing labels under TFPIA, and TFPIA does not preempt state labeling laws. *See* 15 U.S.C. § 70e(a); *McNutt v. Dillards, Inc.*, No. EP-18-CV-40-PRM, 2018 WL 7132549, at *4-6 (W.D. Tex. Apr. 30, 2018). *Grable* walked back from *Merrell Dow*'s focus on the lack of a private cause of action in this analysis. *E.g.*, *Adventure Outdoors*, 552 F.3d at 1302-03. But it is still "relevant to congressional judgment concerning the proper balance between state and federal jurisdiction." *Id.*; *see also* Grable, 545 U.S. at 318. The lack of a federal cause of action and preemption, therefore, buttress the conclusion that finding original jurisdiction in federal court over this FDUTPA claim would upset the federal-state balance.

**5. Conclusion**

Tying it all together, this case is not within the "special and small category" of state-law actions that arise under federal law. *See* Gunn, 568 U.S. at 258 (citation omitted). Because there is no subject-matter jurisdiction, the Court grants the Motion and remands.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 19) is **GRANTED**.

2. This case is **REMANDED** to the County Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the that Court.

4. The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record